IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY LAMAR PINKARD, SR.,  )
                          )
        Plaintiff,        )
                          )
    v.                    )    1:14CV203
                          )
NURSE CLARK, et al.,      )
                          )
        Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee housed at the Forsyth County Detention Center, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies by appealing a grievance filed concerning his claims. (Docket Entry 2, § III(B)(2).) Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). He provides no explanation for his failure to exhaust.

2. Plaintiff does not presently state any claim for relief. He primarily alleges that Defendants denied him proper pain medication. However, he simply makes conclusory statements to this effect without stating what treatment he did receive or what treatment or medication the Constitution requires.

3. Plaintiff's only request for relief is that the Court force the medical unit at Forsyth County Detention Center to change its pain management practices to "give people pain medication that help[s] people" and give them the "proper medical treatment [that] they need." (Docket Entry 2, § VI.) This is far too

vague and focuses on other prisoners rather than Plaintiff. Plaintiff must specify exactly what relief he seeks for himself, not for all prisoners.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 20th day of March, 2014.

                                                /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**